**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN ABDUL-AZZIZ EL BEY, | : | Case No. 2:23-cv-1258 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth P. Deavers |
| JUDGE W. DAVID BRANSTOOL, | : | **REPORT AND RECOMMENDATION** |
| Defendant. | : | |

Plaintiff, a prisoner at the Allen Correctional Institution,[1] has initiated this prisoner civil rights action against defendant Licking County, Ohio Court of Common Pleas Judge W. David Branstool. Plaintiff has paid the filing fee. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per

---

[1] Although the documents submitted to the Court in this case were mailed from an alternate address, the Ohio Department of Rehabilitation and Correction Offender Details page indicates that plaintiff is in custody at the Allen Correctional Institution based on his Licking County, Ohio conviction and sentence in Case No. 15CR00463.

curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

## I. Screening of Complaint

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**A. Allegations in the Complaint**

Plaintiff, who states that he is a "Moor American National, Aboriginal, Indigenous, Natural Inhabitant, Living Human-Being, In Propria Persona, Sui Juris, (NUL TIEL CORPORATION, not under the 14th Amendment as a Corporate Citizen – Corporate Construct on Paper) not an ens legis, and not a nom-de-guerre, straw man, or any other artificial corporate construct as written in all CAPITAL LETTERS (by Law such grammar indicates a Corporation, per United States Government Printing Office), by the unclean hands of others, or any Representative thereof," brings this action against defendant Licking County, Ohio Court of Common Pleas Judge W.

David Branstool. (*See* Doc. 1 at PageID 1). The document submitted to the court—captioned as a "Writ of Mandamus"—asserts that the Licking County, Ohio Court of Common Pleas failed to establish jurisdiction with respect to plaintiff's underlying criminal conviction and sentence in Case No. 2015-CR-463. (*Id.* at PageID 6). According to plaintiff, defendant Judge Branstool "has repeatedly refused to place proof of jurisdiction on the record as a matter of law; ignored this Petitioner's Article 1 Sec. 9 Constitutional right of habeas corpus and are in default and in want of jurisdiction." (*Id.*). Based on his claim that the state trial court does not have jurisdiction over him by virtue of his Moorish-American ancestry, plaintiff claims that the 2015 state-court, criminal proceedings against him are "NULL an[d] VOID AB INITIO and are UNENFORCEABLE for lack of jurisdiction." (*Id.* at PageID 8).

As relief, plaintiff seeks a writ of mandamus to command Judge Branstool "to execute his judicial duties" and for his state court criminal case to be "immediately Discharged, Dismissed, Expunged, and Withdrawn" and for "the immediate release of the flesh and blood living Man and Noble Steven Abdul-Azziz El Bey now serving without warrant of jurisdiction unlawfully and illegally as surety for the fictious corporate person, ens legis, artificial person, stramineus homo, STEVEN L. SMITH." (*Id.*).

**B. Analysis**

This action should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, as here, where a plaintiff challenges the validity of his conviction or sentence and seeks immediate or speedier release, the proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody

cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). As noted above, plaintiff challenges the trial court's jurisdiction over his state-court criminal conviction/sentence and seeks relief in the form of immediate release. To the extent that plaintiff seeks relief in the form of dismissal of his criminal conviction and/or immediate release his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

Plaintiff has captioned his submission to the Court as a "Writ of Mandamus," however, this Court does not have the authority to grant him mandamus relief in this case. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, because plaintiff "seeks an order compelling a state official to act, this Court has no authority under the mandamus provision to grant him the relief he requests." *Ruiz v. Oklahoma Cnty. Sheriff's Office*, No. CIV-07-43-C, 2007 WL 950367, at *2 (W.D. Okla. Mar. 27, 2007). *See also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that [plaintiff] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, we have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.") (internal quotation marks and citation omitted); *Williams-Bey v. Mengel*, No. 95-3090, 1996 WL 48884, at *1 (6th Cir. Feb. 6, 1996) ("Williams-Bey was not entitled to mandamus relief as federal courts have no authority to direct state courts, or their officers, in the performance of their duties"). Accordingly, plaintiff's complaint for a writ of mandamus should be dismissed for failure to state a claim upon which relief may be granted.

Finally, the undersigned notes that to the extent that plaintiff's submission is properly characterized as being brought under 42 U.S.C. § 1983, the complaint is subject to dismissal. As an initial matter, it appears the complaint is time-barred. Plaintiff names Judge Branstool as a defendant in connection with his 2015 state-court criminal conviction and sentence. However, the civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired).

In any event, judges are afforded absolute immunity for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57

(1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint includes no facts to plausibly suggest that defendant presided over a matter over which he without subject matter jurisdiction or that he performed non-judicial acts.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: April 24, 2023

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge