**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN ABDUL-AZZIZ EL BEY,** : | |
| : | |
| Plaintiff, : | |
| : | **Case No. 2:23-cv-1258** |
| v. : | |
| : | **Chief Judge Algenon L. Marbley** |
| : | |
| **JUDGE W. DAVID BRANSTOOL,** : | **Magistrate Judge Elizabeth P. Deavers** |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter is before this Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 3) recommending that Plaintiff's complaint by dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). For the foregoing reasons, Petitioner's Objections (ECF No. 4) are **OVERRULED**, and the Magistrate Judge's R&R (ECF No. 3) is **ADOPTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

Plaintiff Steven Abdul-Azziz El Bey is an inmate at Allen Correctional Institution. (ECF No. 3). On February 17, 2016, Plaintiff was convicted of Trafficking in Cocaine and Possession of Cocaine, both first-degree felonies, after a jury trial and sentenced to eleven years of incarceration in Case No. 2015-CR-00463. Plaintiff appealed his conviction shortly thereafter, and the Ohio Fifth District Court of Appeals overruled his assignments of error and affirmed the conviction. *State v. Smith*, 5th Dist. Licking No. 16-CA-15, 2016-Ohio-7390.[1] Plaintiff then

---

[1] Steven L. Smith, the appellant in the Ohio appellate case, is Steven Abdul-Azziz El Bey, the Plaintiff in this case. Plaintiff argues at length in both his complaint and objections that "Steven L. Smith" is a "corporate" or "artificial"

1

sought a writ of habeas corpus from this Court, but on June 18, 2019, his petition was dismissed. *Smith v. Bucanan*, No. 2:18-CV-00841, 2019 WL 2524757 (S.D. Ohio June 18, 2019). On April 10, 2023, Plaintiff filed a *pro se* complaint with this Court in which he argued that the trial court lacked jurisdiction over him due to his Moorish-American ancestry and the "Treaty of Peace and Friendship of 1836" between Morocco and the United States. (ECF No. 1). Plaintiff asked this Court to issue a writ of mandamus compelling Judge W. David Branstool[2] to

> execute his judicial duties, cease the abuse of power of not allowing [Plaintiff's] right to due process by striking lawful and legal documents from the Record, cease the neglect of improper performance of administrative duties and follow the operation of positive law by executing the Affidavit of Fact Notice of Default Judgement – Demand to Dismiss and Withdraw, and execute the Writ of Habeas Corpus ad Subjiciendum as the operation if [sic] law demands.

(*Id.*) (emphasis omitted).

United States Magistrate Judge Elizabeth P. Deavers conducted a *sua sponte* preliminary review of the complaint pursuant to 28 U.S.C. § 1915A(b) and, on April 24, 2023, issued her R&R which recommended that Plaintiff's complaint be dismissed with prejudice. (ECF No. 3). The Magistrate Judge concluded that the complaint failed to state a claim upon which relief may be granted because the sole remedy for Plaintiff's requested relief "is a petition for a writ of habeas corpus after exhausting his state court remedies." (*Id.*). The R&R also concluded that this Court lacks the authority to grant mandamus relief in this case because this Court, a federal district court, lacks the authority to issue a writ of mandamus compelling a *state* official to act. (*Id.*).

---

construct, and "Steven Abdul-Azziz El Bey" is a "proper" or "natural" person, and that there is a legal distinction between the two. (ECF No. 1; ECF No. 4). These arguments are completely meritless, and Plaintiff has failed to provide any real and persuasive legal authority to support them. This Court, in the interest of consistency and clarity, will refer to Steven simply as "Plaintiff."

[2] Judge David Branstool is a state judge in Licking County, Ohio, who presided over Plaintiff's criminal conviction and sentence in Case No. 2015-CR-00463. (ECF No. 3).

Plaintiff objected to the R&R and raised the following issues: (1) the caption of the case is incorrect; (2) the R&R improperly characterized the complaint as a civil rights action, a § 1983 action, and a petition for a writ of habeas corpus; (3) the Defendant's failure to respond to the complaint constitutes a default in Plaintiff's favor; (4) the R&R incorrectly characterized Plaintiff's action as *pro se* instead of *in propria persona*; (5) the R&R incorrectly interpreted the complaint to include a challenge to the trial court's jurisdiction; (6) the R&R incorrectly concluded that Judge Branstool is not "an officer or employee of the United States or agency thereof" and is thus outside the authority of a federal writ of mandamus; and (7) the R&R incorrectly concluded that the complaint failed to include any "facts to plausibly suggest that the defendant presided over a matter over which he was without subject matter jurisdiction or that he performed non-judicial acts." (ECF No. 4). Plaintiff's complaint and objections to the Magistrate Judge's R&R are now ripe for this Court's consideration.

## II.     STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the "judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.     LAW AND ANALYSIS

After conducting its *de novo* review of Plaintiff's complaint, the Magistrate Judge's R&R, and Plaintiff's objections, this Court agrees with the Magistrate Judge, and the complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

## A. Failure to State a Claim

As the Magistrate Judge noted in her R&R, a complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The federal courts have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties." *Woods v. Weaver*, 13 F. App'x. 304, 306 (6th Cir. 2001) (affirming the dismissal of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) where the plaintiff sought a writ of mandamus "directing the Michigan courts to consider his state post-conviction motion on the merits."); *see also Williams-Bey v. Mengel*, No. 95-3090, 1996 WL 48884, at *1 (6th Cir. Feb. 6, 1996) ("Williams-Bey was not entitled to mandamus relief as federal courts have no authority to direct state courts, or their officers, in the performance of their duties").

Plaintiff's complaint fails to state a claim upon which relief may be granted. Even under the liberal construction to which *pro se* pleadings are entitled, Plaintiff's filings can be fairly characterized as largely incoherent compilations of conclusory statements presented as recitations of law, citations to inapplicable state statutes, and miscellaneous quotations taken from non-authoritative sources, including the "Illustrious Noble Drew Ali, the only Divine Prophet to be born in America" and a proposed, but never ratified, version of the Thirteenth Amendment. Despite this, it is still possible to ascertain Plaintiff's sought-after relief: a writ of mandamus from this Court compelling a state court judge to release Plaintiff from incarceration and restore his effects. Fatal to Plaintiff's claims, however, is the fact that this Court, a federal district court, does not have the authority to issue a writ of mandamus directing a state judge in the performance of his or her duties. Because this Court cannot, by law, grant Plaintiff the relief he seeks, Plaintiff has failed to state a claim for which relief can be granted and the complaint is **DISMISSED**.

### B. Plaintiff's Objections

Plaintiff raised numerous objections that questioned nearly every aspect of the R&R, including the caption of the case. (ECF No. 4). However, this Court need only consider the merits of each objection that is relevant to the Magistrate Judge's dispositive holding and will overrule the remaining irrelevant objections. *See Martin v. U.C. Med. Ctr.*, No. 1:19-CV-00667, 2020 WL 5640052 (S.D. Ohio Sept. 22, 2020) (overruling objections that were not relevant to the substance of the Magistrate Judge's report and recommendation). Plaintiff's objections are each hereby **OVERRULED** for the foregoing reasons.

First, Plaintiff objects to the caption of the case. (ECF No. 4). In the complaint, the plaintiff of the case was written as "Steven Abdul-Azziz El Bey, **In Propria Persona, Ex Relatione** and Authorized Representative for: STEVEN L. SMITH, CESTUI QUE TRUST ESTATE (Ens Legis)." (ECF No. 1) (emphasis in original). The caption of the R&R changed this text simply to read "STEVEN ABDUL-AZZIZ EL BEY." (ECF No. 3). Plaintiff objected to this change, arguing that this has "converted and misidentified the original proper name to a juristic, trade, commercial name." (ECF No. 4). This objection is not relevant to the dispositive holding that the complaint fails to state a claim upon which relief may be granted and, thus, it is **OVERRULED** as irrelevant. *See Martin*, 2020 WL 5640052.

Second, Plaintiff objects to the R&R's characterization of his complaint as a civil rights action, a § 1983 action, and a petition for a writ of habeas corpus. (*Id.*). The R&R did not ignore Plaintiff's intention, however, to petition for a writ of mandamus. (ECF No. 3). Rather, it generously considered a variety of possible interpretations of the complaint and concluded, correctly, that each possible interpretation warranted dismissal, including Plaintiff's intended request for a writ of mandamus. (*Id.*). This objection is **OVERRULED**.

Third, Plaintiff argues throughout his complaint and objections that certain "facts" are true, and this Court must treat these "facts" as true, because Defendant has not rebutted his claims. (ECF No. 1, 4). The "facts" Plaintiff refers to are not evidentiary facts, but rather fictional legal rules and conclusions Plaintiff refers to as facts. (ECF No. 4). Furthermore, this is a *sua sponte* preliminary review of Plaintiff's complaint, which occurs either before a complaint is docketed or "as soon as practicable" after a complaint is docketed, which are both time periods well-before a response from Defendant could be expected. 28 U.S.C. § 1915A(b)(1). Plaintiff cannot speak new law into existence and, therefore, this objection is without merit and is **OVERRULED**.

Fourth, Plaintiff objects to the R&R's characterization of his action as *pro se* instead of *in propria persona*. (ECF No. 4). Despite Plaintiff's arguments to the contrary, it is well established that *pro se* and *in propria persona* are materially synonymous in this context. *See Beatty v. Caruso*, 64 F. App'x. 945, 946 n.2 (6th Cir. 2003) ("We understand the phrases *in propria persona* and *in pro per*, used by Beatty, to be synonymous with the term *pro se*."); *United States v. Pryor*, 842 F.3d 441, 450 n.5 (6th Cir. 2016) (*In propria persona* and *pro se* are "legally equivalent."); *Rudd v. Keybank, N.A.*, No. C2-05-CV-0523, 2006 WL 212096 at *1 n.2 (S.D. Ohio Jan. 25, 2006) (*Pro se* and *in propria persona* "mean virtually the same thing, and the Court will construe them as such."). This objection is **OVERRULED**.

Fifth, Plaintiff objects to the R&R, accusing the Magistrate Judge of misinterpreting his complaint when she stated that "plaintiff challenges the trial court's jurisdiction over his state-court criminal conviction/sentence and seeks relief in the form of immediate release." (ECF No. 4). Plaintiff states that he does not now challenge the trial court's jurisdiction, instead he argues that he already did so with the trial court five years ago. (*Id.*). This objection does not bear upon

the dispositive conclusion that the complaint has failed to state a claim for which relief may be granted and, thus, it is **OVERRULED** as irrelevant. *See Martin*, 2020 WL 5640052.

Sixth, Plaintiff objects to the R&R's conclusion that Judge Branstool is not "an officer or employee of the United States or any agency thereof" and is thus outside the authority of a federal writ of mandamus. (*Id.*). Plaintiff argues that "THE LICKING COUNTY COURT OF COMMON PLEAS and its officers i.e. the Defendant W. David Branstool are but corporate franchises of the UNITED STATES OF AMERICA, INC." (*Id.*). To arrive at this unusual conclusion, Plaintiff first states that "in order for the Federal Government to tax a Citizen of one of the several states, there had to be created a contractual nexus." (*Id.*). This strange requirement is not found in the Taxing Clause of the U.S. Constitution, art. I, § 8, cl. 1, nevertheless, Plaintiff continues by asserting that the federal government created such a "contractual nexus" through Social Security, the Board of which created "10 Social Security Districts" which served as "Federal Areas" that overlayed the states. (*Id.*). According to Plaintiff, "[a] 'Federal area' attaches to anyone who has a social security number or any personal contact with the federal or state governments." (*Id.*). Therefore, in Plaintiff's view, U.S. citizens who reside in any of the states are "property and franchises of the federal government," including the Licking Count Court of Common Pleas and Judge Branstool. (*Id.*). Unfortunately for Plaintiff, Sixth Circuit precedent demonstrates that state judges are, unsurprisingly, not officers or employees of the federal government and not subject to federal writs of mandamus. *See Woods*, 13 F. App'x. at 306; *Williams-Bey*, 1996 WL 48884, at *1. This objection is **OVERRULED**.

Seventh, and finally, Plaintiff objects to the R&R's conclusion that the complaint failed to include any "facts to plausibly suggest that the defendant presided over a matter over which he was without subject matter jurisdiction or that he performed non-judicial acts." (ECF No. 4). This

8

objection relates to the R&R's analysis of the complaint to the extent it could be characterized as being brought under 42 U.S.C. § 1983. (ECF No. 3). Plaintiff has expressly stated that he wishes his complaint to be treated only as a petition for a writ of mandamus. (ECF No. 4). Because this objection does not relate to the dispositive conclusion that the complaint fails to state a claim for which relief may be granted, a conclusion based solely upon a characterization of Plaintiff's complaint as a petition for a writ of mandamus, this objection is **OVERRULED** as irrelevant. *See Martin*, 2020 WL 5640052.

## IV. CONCLUSION

Having considered Plaintiff's objections and conducting a *de novo* review of the complaint and the Magistrate Judge's R&R, this Court finds that the objections are without merit. Accordingly, the Magistrate Judge's R&R (ECF No. 3) is **ADOPTED** and Plaintiff's objections (ECF No. 4) are **OVERRULED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 12, 2024**